UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. HURLEY,

                          Plaintiff,

v.                                                              3:20-CV-0328
                                                                (DNH/ML)
ITHACA CITY SCHOOL DISTRICT –
BOARD OF EDUCATION; and DR.
LUVELLE BROWN, Superintendent of
Schools, ICSDBOE,

                          Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

MICHAEL A. HURLEY
  Plaintiff, *Pro Se*
3834 Manning Road
Watkins Glen, New York 14891

BOND, SCHOENECK AND KING, PLLC                                  KATE I. REID, ESQ.
  Counsel for Defendants
One Lincoln Center
Syracuse, New York 13202


MIROSLAV LOVRIC, United States Magistrate Judge


**ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent this *pro se* complaint together with an application to proceed *in forma*

*pauperis* filed by Michael A. Hurley ("Plaintiff") to the Court for review.  (Dkt. Nos. 1 and 2.)

For the reasons discussed below, I deny without prejudice Plaintiff's *in forma pauperis*

application (Dkt. No. 2), and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in

its entirety with leave to amend.

## I.      PLAINTIFF'S ALLEGATIONS

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that his civil rights were violated by Defendants Ithaca City School District Board of Education and Dr. Luvelle Brown, Superintendent of Schools, ICSDBOE (collectively "Defendants").  (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that on June 1, 2018, Defendants committed an "unfair labor practice" when they demoted him from his position as mechanic to bus driver, in violation of the collective bargaining agreement between Ithaca City School District employees and the Ithaca City School District.  (*Id.* at 3.)  In addition, Plaintiff alleges that on November 29, 2019, Defendants retaliated against him in violation of New York Civil Service Law 75-b(3) and the Federal Whistleblower Protection Act of 1989, 5 U.S.C. 2302 *et seq.*, by taking "prohibited [d]isciplinary action" against him after he disclosed an "[i]llegal [a]ct that [a]ffected [p]ublic [h]ealth [and] safety."  (*Id*. at 4.)  Finally, Plaintiff alleges that Defendants retaliated against him and acted with malice by terminating his employment.  (*Id*.)

Based on these factual allegations, Plaintiff asserts the following three claims: (1) a claim that he was terminated as a mechanic and unfairly demoted to the position of bus driver in violation of New York State Labor Law; (2) a claim of unfair labor practice in retaliation for making a disclosure in violation of New York Labor Law 75-b; and (3) retaliatory wrongful termination in violation of New York Civil Service Law 75-b(3).  (Dkt. No. 1 at 3.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.

28 U.S.C. § 1915(a)(1).[2]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed

IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to

proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound

discretion of the court.  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).  The court must

be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting

IFP status.  28 U.S.C. § 1915(a)(1).  To make this threshold showing, a plaintiff must

demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that

such payment would render plaintiff destitute."  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62

(Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 [1948]); *see*

*also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not

require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231

F.3d 456, 459 (8th Cir. 2000).  As the Second Circuit has noted, "no party must be made to

choose between abandoning a potential meritorious claim or foregoing the necessities of life."

*Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

---

[2]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting his assets.  28 U.S.C. § 1915(a)(1).

Here, Plaintiff's IFP application states that he earns $467.00 per week in wages and that his spouse earns $250.00 bi-weekly, which equates to approximately $30,784.00 in combined annual income.  (Dkt. No. 2 at ¶ 2.)  The United States Department of Health and Human Services publishes yearly Poverty Guidelines.  Those guidelines reflect that, for 2020, the poverty threshold for a household of two[3] is $17,240.00.  *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited April 22, 2020).[4]

"Plaintiff's application does not disclose any extraordinary or unusual expenses, debts or financial obligations, other than ordinary cost-of-living expenses, such as property taxes, utilities, insurance, and food."  *David v. United States Envtl. Prot. Agency*, 19-CV-0064, 2019 WL 1004706, at *2 (N.D.N.Y. Jan. 29, 2019) (Peebles, M.J.).  In addition, it is unclear whether Plaintiff owns real estate since he lists property taxes as a monthly expense (Dkt. No. 2 at ¶ 6), but lists only two vehicles in response to the question directing him to identify "[a]ny automobile, real estate, stock, . . . or other financial instrument or thing of value" that he owns (Dkt. No. 2 at ¶ 5).  It is also worth noting that Plaintiff indicates that he has $1,117.00 in cash or a checking or savings account.  (Dkt. No. 2 at ¶ 4.)

In this instance, despite some unanswered questions regarding Plaintiff's finances, I find that he possesses sufficient funds to pay the $400.00 filing fee to commence an action without "foregoing the necessities of life."  *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339.)

---

[3]     The IFP application states that there are no individuals who are dependent on Plaintiff for support.  (Dkt. No. 2 at ¶ 7.)

[4]     The Poverty Guidelines do not specify whether they measure income before or after taxes.  This distinction is irrelevant in this case.

4

Accordingly, I deny Plaintiff's motion to proceed in this case IFP.  To the extent that Plaintiff may wish to renew his request to proceed IFP, and given the Court's unanswered questions about his financial situation, any request to proceed without the prepayment of fees must include a fully completed long form *in forma pauperis* application (AO 239).

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to allege facts plausibly suggesting subject matter jurisdiction, 28 U.S.C. § 1915 requires that the court dismiss the action.  28 U.S.C. § 1915(e); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488

U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

6

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

After careful consideration, I recommend dismissal of Plaintiff's claims.

A.        **Federal Question Jurisdiction**

Subject matter jurisdiction can never be waived or forfeited.  *ACCD Global Agric., Inc. v.*

*Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty,*

*LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)).  Federal courts are

mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation.  *ACCD*

*Global Agric., Inc*., 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir.

2017) (federal courts have an independent obligation to consider the presence or absence of

subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the
> Constitution.  It has subject matter jurisdiction over claims in which: (1)
> there is a 'federal question' in that a colorable claim arises under the
> 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331;
> and/or if (2) there is complete "diversity of citizenship" between each
> plaintiff and all defendants and a minimum of $75,000 in controversy, 28
> U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of

subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL

2124365 (D. Conn. May 6, 2015).

The existence of a federal question is governed by the "well-pleaded complaint" rule,

which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A well-pleaded complaint

presents a federal question where it "establishes either that federal law creates the case of action

or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question

of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S.

1, 9 (1983).

Here, the Complaint asserts that the basis for the Court's jurisdiction is that it presents a federal question.  (*See generally* Dkt. No. 1.)  However, the only two federal statutes mentioned in the Complaint are inapposite.

First, the Complaint states that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin." (Dkt. No. 1 at 2.)  However, where the Complaint provides a space for Plaintiff to check that "Defendant's conduct is discriminatory with respect to the following" protected characteristics, Plaintiff did not select any basis.  (Dkt. No. 1 at ¶ 6.)  The Complaint does not allege Plaintiff's membership in any protected class and fails to allege facts plausibly suggesting discrimination on the basis of a protected characteristic (*see generally* Dkt. No. 1).  *E.E.O.C. v. Abercrombie & Fitch Stores, Inc*., 135 S. Ct. 2028, 2031-32 (2015) (quoting 42 U.S.C. § 2000e-2(a)) ("Title VII of the Civil Rights Act of 1964 . . . prohibits two categories of employment practices.  It is unlawful for an employer: '(1) to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees . . . in any way which would deprive . . . any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.'").  Title VII also forbids an employer from discriminating against an employee because he has made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing.  42 U.S.C. § 2000e-2(a).  However, the Complaint does not allege that the adverse actions taken against him were in any way related to complaints about violations of Title VII.  (Dkt. No. 1 at 4.)

Second, the Complaint states that Defendants violated the Federal Whistleblower

Protection Act of 1989, 5 U.S.C. § 2302(b)(8)-(9).  (Dkt. No. 1 at 4.)  However, "Congress

passed the Whistleblower Protection Act in order to provide '*federal* employees with the right to

seek corrective action from the [Merit Systems Protection Board] whenever a personnel action

has been taken in retaliation for certain whistleblowing activities."  *McDermott v. Cicconi*, 11-

CV-1059, 2011 WL 4834257, at *2 (N.D.N.Y. Sept. 20, 2011) (Baxter, M.J.) (quoting *Mulero

Abreu v. Oquendo-Rivera*, 729 F. Supp. 2d 498, 523-24 (D.P.R. 2010) (emphasis added)),

*rejected on other grounds by* 2011 WL 4834256 (N.D.N.Y. Oct. 12, 2011) (D'Agostino, J.); *see

also Kabakova v. Office of the Architect of the Capitol*, 19-CV-1276, 2020 WL 1866003, at *

(D.D.C. Apr. 14, 2020) ("the [Whistleblower Protection Act] does not apply to legislative branch

employees, and thus, plaintiff cannot obtain relief under that Act."); *Butrum v. Louisville Metro.

Gov't*, 17-CV-0330, 2020 WL 1238268, at *4 (W.D. Ky. Mar. 13, 2020) (5 U.S.C. § 2302(b)(8)

"only applies to federal employees."); *Buckner v. Cmty. Mental Health Auth. of Clinton, Eaton,

& Ingham Cnty*, 18-CV-1408, 2020 WL 1005168, at *4 (W.D. Mich. Feb. 10, 2020) ("5 U.S.C.

2302, protects employees of the executive branch of the federal government."); *Dickerson v.

New Jersey Inst. of Tech.*, 19-CV-8344, 2019 WL 6032378, at *11-12 (D.N.J. Nov. 14, 2019)

(citing *Fleeger v. Principi*, 221 F. App'x 111, 115-16 (3d Cir. 2007)) (dismissing the plaintiff's

claims because she is not a federal employee and "the [Whistleblower Protection Act] protects

federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal

conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to

health and safety.  *See* 5 U.S.C. § 2302(b)(8)."); *Brown v. Techlaw*, 18-CV-0084, 2019 WL

7562365, at *5 (D. Mont. Nov. 1, 2019) (denying a motion to amend to add a claim pursuant to 5

U.S.C. § 2302(b)(8)-(9) because "[t]he remedies provided by the Whistleblower Act are

available to employees of the federal government" and "[i]t is undisputed that [plaintiff] was employed by Techlaw, which means he was not an employee of the federal government" thus the amendment would be futile); *Adams v. City of Georgetown*, 18-CV-2249, 2019 WL 5092407, at *1 (D.S.C. Oct. 10, 2019) (dismissing on a motion for judgment on the pleadings, a claim pursuant to the Whistleblower Protection Act where the plaintiff alleges "he was employed by the City and not the federal government" and therefore "he is not protected by the WPA."); *Myers v. Alutiiq Intern. Sol., LLC*, 811 F. Supp. 2d 261, 266 (D.D.C. 2011) ("5 U.S.C. § 2302 reflects a clear public policy of encouraging government employees to come forward and report possible problems in federal programs.").  Plaintiff in this case is not a federal employee, and therefore, this whistleblower legislation does not apply to him.

As a result, federal jurisdiction for this action may not be based upon the federal statutes that Plaintiff cites in the Complaint.

**B.     Alternative Bases for Jurisdiction**

The Court notes that Plaintiff only raises Title VII and the federal Whistleblower Protection Act as his basis for federal jurisdiction, and the case could be dismissed for that reason alone since neither are applicable.  The Court must keep in mind, however, that when a plaintiff proceeds *pro se*, particularly when he claims violations of civil rights, the pleadings must be construed with great liberality.  *McDermott*, 2011 WL 4834257, at *3 (citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008)).  The Court must interpret the pleadings to raise the strongest arguments they suggest.  *Id*. (citing *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999)).

As set forth below, after carefully considering the matter and considering other possible bases for jurisdiction over Plaintiff's Complaint, I find that there is no basis for jurisdiction.

### 1. Diversity

There is no diversity of citizenship sufficient to assert jurisdiction in this case pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 at ¶¶ 2-3 [alleging that Plaintiff is a citizen of New York State and that Defendant Luvelle Brown is also a citizen of New York State].)

### 2. Other Federal Whistleblower Statutes

There are several federal statutes prohibiting retaliation against whistleblowers, each of which is applicable to a specific type of individual or misconduct. *See, e.g.*, 5 U.S.C. § 1221 (protecting federal employees from certain types of retaliation); 12 U.S.C. § 1441a(q) (protecting those reporting misconduct by the FDIC or the Thrift Depositor Protection Oversight Board); 18 U.S.C. § 1513(e) (Sarbanes Oxley provision for those who report corporate fraud); 31 U.S.C. § 3730(h) (False Claims Act whistleblower provision); 33 U.S.C. § 1367 (protecting employees who report violations of Clean Water Act). None of these statutes apply in the situation as alleged in the Complaint because it is unclear what "[i]llegal [a]ct that [a]ffected [p]ublic [h]ealth [and] safety" that Plaintiff disclosed. (Dkt. No. 1 at 4.)

### 3. First Amendment

The federal constitution prohibits retaliation in the form of adverse employment actions based on protected speech. *Singh v. City of New York*, 524 F.3d 361, 372 (2d Cir. 2008).

To state a First Amendment retaliation claim, a plaintiff "must plausibly allege that '(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech.'" *Montero v. City of Yonkers*, 890 F.3d 396, 394 (2d Cir. 2018) (quoting *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011)).

With respect to the first element, the plaintiff must allege facts from which it could plausibly be inferred that he engaged in "speech or conduct [that] was protected by the First Amendment." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015). "A public employee plaintiff must allege that she 'engaged in citizen speech,' in other words, that she 'spoke as a private citizen,' and that 'the speech at issue was on a matter of public concern.'" *Oliver v. New York State Police*, 19-CV-0233, 2020 WL 1849484, at *6 (N.D.N.Y. Apr. 13, 2020) (Sannes, J.) (quoting *Montero*, 890 F.3d at 399).

Here, drawing all reasonable inferences in Plaintiff's favor, the Complaint alleges that Plaintiff made a disclosure of an illegal act that affected public health and safety. (Dkt. No. 1 at 4.) Plaintiff's allegation is vague; he does not allege what he disclosed or provide any facts regarding the circumstances of his alleged disclosure. *See Oliver*, 2020 WL 1849484, at *6 (dismissing the *pro se* plaintiff's First Amendment retaliation claim on a motion to dismiss where the plaintiff alleged that she spoke "on matters of public safety and public concern relative to the improprieties taking place."); *Giachetto v. Patchogue-Medford Union Free Sch. Dist.*, 413 F. Supp. 3d 141, 144 (E.D.N.Y. 2016) (finding that because the plaintiff's "vague allegation" that she was "'accused of and ordered to refrain from speaking out against the [School District] to community members' at a Teacher Improvement Plan meeting" failed to "identify what the exact utterance was, or how this utterance, or any other alleged instance of speech, involved matters of public concern," she failed to allege that her speech was protected). As a result, Plaintiff has failed to plausibly allege a claim of retaliation pursuant to the First Amendment.

In the alternative, I find that Plaintiff has also failed to plausibly allege a claim of retaliation pursuant to the First Amendment because he failed to allege a causal connection between his protected speech and the adverse action. "Of course, '[r]etaliatory intent is difficult

to plead with specificity in a complaint.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) (Hurd, J.) (quoting *Perri v. Bloomberg*, 11-CV-2646, 2012 WL 3307013, at *3 (E.D.N.Y. Aug. 13, 2012)). Therefore, "[a]t this stage of the proceedings, a 'reasonable inference' is all that is required." *Edwards*, 388 F. Supp. 3d at 144 (quoting *Estate of Smith v. Town of W. Hartford*, 186 F. Supp. 2d 146, 156 (D. Conn. 2002)).

The Complaint alleges that "Defendant took prohibited [d]isciplinary action [a]gainst Plaintiff as a [r]esult of [d]isclosure of a[n] [i]llegal [a]ct that [a]ffected public [h]ealth [and] safety." (*Id.*) However, Plaintiff asserts no facts that plausibly suggest the basis for this conclusory assertion. "Plaintiff does nothing to connect these two events." *Edwards*, 388 F. Supp. 3d at 144. Even assuming that these things followed each other in time (which, on the face of the Complaint, is not clear), "mere sequence alone does not plausibly establish causation, even at the motion-to-dismiss stage and even for a plaintiff proceeding *pro se*. Rather, a retaliation plaintiff is obliged to allege at least some fact or facts to circumstantially establish, at the very least, a tenuous causal relationship between the two events." *Id.* (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone."); *Richard v. Leclaire*, 15-CV-0006, 2017 WL 4349381, at *5 (N.D.N.Y. Sept. 29, 2017) (Sannes, J.) ("In order to establish a causal connection at the pleadings stage, the allegations must be sufficient to support the inference that the speech played a substantial part in the adverse action.")

As a result, Plaintiff has not plausibly alleged any action claiming First Amendment violations pursuant to 42 U.S.C. § 1983.

14

4.     **New York State Statutes**

New York State has a whistleblower statute that is specifically applicable to public employees.  N.Y. Civ. Serv. Law § 75-b.  However, "[s]ection 75-b only applies as a defense to disciplinary charges and does not permit the plaintiff to bring a separate claim for damages such as plaintiff is attempting to do in this case."  *McDermott*, 2011 WL 4834257, at *4 (citing *Dibiase v. Barber*, 06-CV-5355, 2008 WL 4455601, at *9 (E.D.N.Y. Sept. 30, 2008; *Perfetto v. Erie Cnty. Water Auth.*, 03-CV-0439, 2006 WL 1888556, at *5 (W.D.N.Y. July 7, 2006)).  Therefore, Plaintiff cannot base any action on Section 75-b.

Moreover, even assuming *arguendo* that Plaintiff could state a claim under some New York State statute, there would be no jurisdiction in federal court for such action.

After a review of the Complaint and the potentially applicable law, this Court finds that Plaintiff's Complaint does not allege facts plausibly suggesting a basis for federal jurisdiction.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

15

not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint."). This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff described in his Complaint. However, because the Court must recommend dismissal without prejudice, Plaintiff may be given an opportunity to amend his Complaint. Any amended complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court.

The Court must also note that if Plaintiff chooses to file an amended complaint, he must either pay the filing fee or include a completed IFP application.

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim" is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Defendants also filed a motion for judgment on the pleadings.  (Dkt. No. 8.)  Because the Court recommends dismissing Plaintiff's Complaint, it also recommends denying Defendants' motion as moot.

**ACCORDINGLY**, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**[6] Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction; and it is further

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 8) be **DENIED** as moot.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1) (Supp. 2013);

---

[6]     If the Court (a) rejects this recommendation and accepts Plaintiff's Complaint for filing, or (b) adopts this recommendation and Plaintiff wishes to proceed with this action and files an amended complaint, he must either (i) pay the $400.00 filing fee, or (ii) submit a renewed IFP application detailing his current financial condition within thirty (30) days from the date of the filing of Court's Decision and Order.  Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[7]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

Dated: April 22, 2020
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[8]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).